IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMUEL K. JACKSON,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    C.A. No. 26-365-CFC-SRF
                                      )
SCOTT CERESINI et al.,                )
                                      )
            Defendants.               )

## REPORT AND RECOMMENDATION

Plaintiff Samuel K. Jackson, an inmate formerly housed at Sussex Correctional Institution[1],

filed this action pursuant to 42 U.S.C. § 1983.[2]  (D.I. 2).  Plaintiff appears *pro se* and has been

granted leave to proceed *in forma pauperis*.  (D.I. 5).  The Court proceeds to review and screen

the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

For the reasons set forth below, the Court recommends that service proceed as to

defendants Warden Ceresini, Deputy Warden Wise, and Major Milligan.  The Court recommends

that the claims against defendants Truman Mears, Joshua Niblet, Sgt. Duperon, and Lt. Mike

Maans be dismissed.

## I.     BACKGROUND

Plaintiff Jackson is an inmate formerly housed Sussex Correctional Institution ("SCI").

Jackson alleges that from July 5, 2021 to June 6, 2025, the showers inside SCI's Medium Building

have had a continuous black mold problem.  (D.I. 2 at 6-7)  On October 24, 2023, Jackson started

to experience rashes over his neck, arms, back and legs. (*Id.* at 7)  He was treated with Benadryl,

---

[1] Plaintiff is currently housed at James T. Vaughn Correctional Center.
[2] When bringing a § 1983 claim, a plaintiff must allege a deprivation of a federal right, and that
the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487
U.S. 42, 48 (1988).

and was seen again for a rash in November, 2023. (*Id.*) "Soon thereafter," medical staff obtained a blood sample and lab result testing indicating an allergic reaction to mold. (*Id.*) Jackson complained to Warden Ceresini, Deputy Warden Wise, Major Milligan, Rodney Hudson, and Clayton Morgan that there was black mold in the showers and he was having medical issues including shortness of breath and rashes. (*Id.* at 7) The prison power-washed and painted the shower but the mold reappeared. (*Id.*) Jackson again complained to Warden Ceresini, Deputy Warden Wise, and Major Milligan "every Friday" when they showed up to Medium Building. (*Id.*) Jackson was told by Warden Ceresini that someone from outside would be coming to remedy the problem, but no one came to repair the problem. (*Id.* at 8) Jackson alleges that another inmate took samples of the black mold and sent them to the Occupational Safety and Health Association ("OSHA") for testing. (*Id.*) This testing confirmed the existence of black mold. (*Id.*) Jackson seeks compensatory and punitive damages from all defendants in their individual capacities. (*Id.* at 6)

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible

is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Failure to State a Claim

Truman Mears, Joshua Niblet, Sgt . Duperon, and Lt. Mike Maans are named as defendants in the Complaint. They are not mentioned in the Complaint and there are no allegations they harmed Plaintiff by any action or inaction.

To prevail on a § 1983 claim, a plaintiff must show that a person (or persons), acting under color of law, deprived him of a constitutional right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019). Plaintiff does not state any claims against these named defendants. It is recommended they be dismissed from the action without prejudice.

### B. Conditions of Confinement

Jackson alleges that Ceresini, Wise, and Milligan deliberately refused to do anything about the black mold conditions in the Medium Building shower area causing Jackson physical harm. (D.I. 3 at 8). The Eighth Amendment "prohibits any punishment which violates civilized standards and concepts of humanity and decency." *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992), *superseded by statute on other grounds as stated in Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000) (citations omitted).

To prevail against prison officials on a claim that an inmate's conditions of confinement violated the Eighth Amendment, the inmate must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious," and (2) the "prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834, (1994) (internal quotation marks and citations omitted). The first element is satisfied when an inmate is deprived

4

of "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). The second element is satisfied when an inmate shows that prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights. *Id.* at 302-03.

When considering whether conditions of confinement violated the Eighth Amendment, courts recognize that "the Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes, cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347.

The Complaint alleges conditions of confinement claims against Ceresini, Wise, and Milligan. Plaintiff alleges both that Defendants were aware of the presence of black mold and that he suffered from rashes, headaches, and breathing problems as a result of the black mold. The presence of toxic mold can raise a cognizable claim under the Eighth Amendment if it poses a substantial risk of serious harm and the prison official responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." *See Wilson v. Setter*, 501 U.S. 294, 298 (1991); *Rogers v. Mears*, 2025 WL 3199161 *4 (D. Del. November 17, 2025); *Abbatiello v. Metzger*, 2019 WL 6307676, at *3 (D. Del. Nov. 25, 2019). The Court recommends service of the complaint proceed on the conditions of confinement claims against Ceresini, Wise, and Milligan.

## IV. <u>CONCLUSION</u>

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below. In the event that the Report and Recommendation is adopted, the undersigned judicial officer will then issue a Service Order.

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.      The Report and Recommendation issued on June __, 2026 is **ADOPTED**.

2.      Plaintiff's claims against Truman Mears, Joshua Niblet, Sgt . Duperon, and Lt. Mike Maan for violations of 42 U.S.C. § 1983 are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3.      The court has identified what appear to be cognizable and non-frivolous 42 U.S.C. § 1983 claims against Defendants Warden Ceresini, Deputy Warden Wise, and Major Milligan within the meaning of 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).  Plaintiff may proceed against Ceresini, Wise, and Milligan on the conditions of confinement claims.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June 11 , 2026

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE